## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-80488-BLOOM/Reinhart

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,

      Plaintiff,

v.

MODERN LIVING REAL ESTATE, LLC,
and COMPASS FLORIDA, LLC,

      Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Compass Florida, LLC's ("Defendant"

or "Compass") Motion to Dismiss, ECF No. [27] ("Motion"), filed on June 26, 2019. Plaintiff

Affordable Aerial Photography, Inc. ("Plaintiff") filed a response, ECF No. [32] ("Response"), to

which Defendant filed a reply, ECF No. [36] ("Reply"). The Court has carefully considered the

Motion, the Response and Reply, the record in this case and the applicable law, and is otherwise

fully advised. For the reasons set forth below, the Motion is granted.

### I.      BACKGROUND

This case arises as a result of alleged copyright infringement by Defendant and Modern

Living Real Estate, LLC ("Modern Living"). Plaintiff was formed by Robert Stevens ("Stevens")

in 2005. The Plaintiff specializes in photographing real estate using a tethered helium balloon

camera-rigging system designed and built by Stevens. Plaintiff retains and registers the copyrights

for its photographs, which are created for one time use for Plaintiff's customers and for licensing

to third parties that may wish to copy, distribute, or display the photos. According to Plaintiff,

numerous of its copyrighted images were posted on Modern Living's website without Plaintiff's authorization, in connection with advertising properties for sale or rent.

As a result, Plaintiff asserts claims against Defendant and Modern Living for direct and vicarious copyright infringement and violation of the Digital Millennium Copyright Act ("DMCA"), Pub. L. 105-304, 112 Stat. 2860 (1998) (codified in scattered sections of 17 U.S.C.). *See generally*, ECF No. [1] ("Complaint"). In the Motion, Defendant seeks dismissal of the Complaint for failure to state a claim.

## II.     LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304

F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III.  DISCUSSION

Defendant argues that Plaintiff's claims should be dismissed because the Complaint does not comply with pleading requirements, and Plaintiff fails to allege valid claims for direct or vicarious copyright infringement. The Court considers each argument in turn.

### A.  Pleading requirements

Defendant argues that the Complaint violates Rule 8 of the Federal Rules of Civil Procedure because the allegations against Defendant and Modern Living are indiscriminately lumped together. Upon review, the Court agrees, and finds that the Complaint is a shotgun pleading.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading" that violates Rule 8(a)(2). *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001). Shotgun pleadings fail to make the connection between "the substantive count and the factual predicates . . . [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). Although not the quintessential form, the Complaint is nevertheless a shotgun pleading in that it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions . . . ." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

Contrary to Plaintiff's assertion in its Response, the Complaint does not identify the acts through which Compass and Modern Living each allegedly infringed upon Plaintiff's copyrights. The only well pled factual allegation regarding the alleged infringements states that the photographs "were posted by Defendant on the MODERN LIVING website . . . where Defendant advertises publicly all their real estate properties for sale or rent." ECF No. [1] ¶ 29. However, Plaintiff does not otherwise specify whether the term "Defendant" refers to Compass or Modern Living. Plaintiff also alleges that both Compass and Modern Living stored copies of the images on "its" servers "or servers hosted for the benefit of Defendants," but again, this allegation confusingly conflates the two defendants, and alone is insufficient. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. (quoting *Twombly*, 550 U.S. at 570).

Accordingly, the Complaint is due to be dismissed upon this basis alone. Nevertheless, the Court briefly considers Defendant's remaining arguments.[1]

### B. The Complaint fails to state a claim for direct copyright infringement

Defendant argues that Plaintiff's direct copyright infringement claim should be dismissed because the Complaint contains no factual allegations to establish that Defendant copied Plaintiff's copyrighted photographs. "To state a claim for direct copyright infringement, a plaintiff must allege (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Latele Television C.A. v. Telemundo Commc'ns Grp., LLC*, No. 12-22539-CIV, 2013 WL 1296314, at *5 (S.D. Fla. Mar. 27, 2013) (citing *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994)). Even so, where a plaintiff cannot prove directly that copying occurred, the plaintiff may still demonstrate copying by providing "proof of access to the copyrighted work and probative similarity." *Id.* (citing *Peter Letterese & Assocs., Inc. v. World Institute of Scientology Enters.*, 533 F.3d 1287, 1301 (11th Cir. 2008)). Upon review, the Complaint does not contain factual allegations sufficient to lead to the inference that Compass copied the copyrighted photographs, or otherwise had access to the copyrighted work.

### C. The Complaint fails to state a claim for vicarious copyright infringement

For similar reasons, Plaintiff's claim against Compass for vicarious copyright infringement also fails. Under federal copyright laws, a party may be liable for indirect forms of infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005); *see also Am. Broad. Cos., Inc. v. Aereo, Inc.*, 573 U.S. 431, 452 (2014) ("Secondary liability, by contrast, is a means of holding defendants responsible for infringement by third parties, even when the

---

[1] Because the Court concludes that the Complaint does not contain sufficient factual allegations to state plausible claims, the Court does not consider the effect, if any, of the Independent Contractor Agreement attached to Defendant's Motion. ECF No. [27-1].

defendants 'have not themselves engaged in the infringing activity.'") (quoting *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 435 (1984)) (Scalia, J., dissenting). Although the Copyright Act does not expressly provide for such liability, the doctrines of contributory and vicarious infringement "emerged from common law principles and are well established in the law." *Id.* (citing *Sony Corp.*, 464 U.S. at 486 (Blackmun, J., dissenting) (further citations omitted)). An individual is liable for contributory infringement "by intentionally inducing or encouraging direct infringement," whereas one is liable for vicarious infringement "by profiting from direct infringement while declining to exercise a right to stop or limit it." *Id.* (citations omitted). In order to state a claim for vicarious copyright infringement, a plaintiff must allege (1) "the right and ability to supervise," and (2) "a direct financial interest" in the profits of the infringing activity. *Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*, 707 F. Supp. 2d 1287, 1297 (M.D. Fla. 2010), *aff'd*, 425 F. App'x 833 (11th Cir. 2011)) (citation omitted).

In the Complaint, Plaintiff alleges in conclusory fashion only that Compass is vicariously liable for the infringements of Modern Living as "a parent, successor, alter ego, continuation, or reincarnation" of Modern Living, and "has the right and ability to control the actions of MODERN LIVING's employees and the Modern Living Website." ECF No. [1] ¶¶ 103, 114. Once again, Plaintiff has not alleged any underlying facts that would lead to the inference that such a conclusion is plausible. As a result, Plaintiff fails to sufficiently state a claim for vicarious copyright infringement against Compass.

## IV.    CONCLUSION

Accordingly, Defendant's Motion, **ECF No. [27]**, is **GRANTED**. The Complaint, ECF No. [1], is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint **on or before August 16, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 6, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record